# UNITED STATES DISTRICT COURT
### District of New Mexico

| | |
|---|---|
| UNITED STATES OF AMERICA<br>V.<br>**Shelly Lopez**<br>**n/k/a Shelly Lopez** | **Judgment in a Criminal Case**<br><br>(For Offenses Committed On or After November 1, 1987)<br>Case Number: **1:12CR00715-001JH**<br>USM Number: **66159-051**<br>Defense Attorney: **Robert Cooper** |

THE DEFENDANT:

☒ pleaded guilty to count(s) **1, 35, and 36 of Indictment**
☐ pleaded nolo contendere to count(s)  which was accepted by the court.
☐ after a plea of not guilty was found guilty on count(s)

The defendant is adjudicated guilty of these offenses:

| *Title and Section* | *Nature of Offense* | *Offense Ended* | *Count Number(s)* |
|---|---|---|---|
| 18 U.S.C. Sec. 1028 (a)(7) | Identify Theft, to wit: Social Security Fraud | 03/28/2012 | 1 |
| 18 U.S.C. Sec. 1028 A(a)(1) | Aggravated Identity Theft | 03/28/2012 | 35 |

The defendant is sentenced as provided in pages 2 through **5** of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on count .
☒ Count **2-24 and 37-60** are dismissed on the motion of the United States.

IT IS FURTHER ORDERED that the defendant must notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

**October 23, 2013**
Date of Imposition of Judgment

**/s/ Eric F. Melgren**
Signature of Judge

**Eric F. Melgren**
**United States District Judge**
Name and Title of Judge

**November 7, 2013**
Date Signed

Defendant: **Shelly Lopez**
Case Number: **1:12CR00715-001JH**

# IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of **25 months**.

**A term of 1 months is imposed as to Count 1; 24 months as to Counts 35 and 36; said terms to run consecutive for a total term of 25 months.**

☐     The court makes the following recommendations to the Bureau of Prisons:


☐     The defendant is remanded to the custody of the United States Marshal.
☒     The defendant shall surrender to the United States Marshal for this district:
       ☐     at  on
       ☒     as notified by the United States Marshal.
☐     The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:
       ☐     before 2 p.m. on
       ☐     as notified by the United States Marshal
       ☐     as notified by the Probation or Pretrial Services Office.

# RETURN

I have executed this judgment as follows:




Defendant delivered on _____ to
_____ at _____ with a Certified copy of this judgment.



                                           UNITED STATES MARSHAL

                                           By
                                           DEPUTY UNITED STATES MARSHAL

Defendant: **Shelly Lopez**
Case Number: **1:12CR00715-001JH**

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of **3 years** .

**A term of 3 years is imposed to Count 1; 1 year as to Counts 35 and 36; said terms will run concurrent for a total term of 3 years.**
The defendant must report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.
The defendant shall not commit another federal, state, or local crime.
The defendant shall not unlawfully possess a controlled substance.
The defendant shall refrain from any unlawful use of a controlled substance.
The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.

- ☐ The above drug testing condition is suspended, based on the court's determination that the defendant poses a low risk of future substance abuse. (Check, if applicable.)
- ☒ The defendant shall not possess a firearm, ammunition, destructive device, or any other dangerous weapon. (Check, if applicable).
- ☒ The defendant shall cooperate in the collection of DNA as directed by statute. (Check, if applicable).
- ☐ The defendant shall register with the state, local, tribal and/or other appropriate sex offender registration agency in the state where the defendant resides, works, or is a student, as directed by the probation officer. (Check, if applicable.)
- ☐ The defendant shall participate in an approved program for domestic violence. (Check, if applicable)

If this judgment imposes a fine or restitution, it is a condition of supervised release that the defendant pay in accordance with the Criminal Monetary Penalties sheet of this judgment.
The defendant must comply with the standard conditions that have been adopted by this court as well as with any additional conditions on the attached page.

### STANDARD CONDITIONS OF SUPERVISION

1) the defendant shall not leave the judicial district without the permission of the court or probation officer;
2) the defendant shall report to the probation officer in a manner and frequency directed by the Court or probation officer;
3) the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
4) the defendant shall support his or her dependents and meet other family responsibilities;
5) the defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons;
6) the defendant shall notify the probation officer at least ten days prior to any change in residence or employment;
7) the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;
8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;
9) the defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer;
10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;
11) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;
12) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court; and

Defendant: **Shelly Lopez**
Case Number: **1:12CR00715-001JH**

## SPECIAL CONDITIONS OF SUPERVISION

The defendant must participate in and successfully complete an outpatient substance abuse treatment program, approved by the probation officer, which may include testing. The defendant is prohibited from obstructing or attempting to obstruct or tamper, in any fashion, with the collection, efficiency and accuracy of any substance abuse testing device or procedure. The defendant may be required to pay a portion of the cost of treatment and/or drug testing to be determined by the Probation Office.

The defendant must submit to a search of her person, property, or automobile under her control to be conducted in a reasonable manner and at a reasonable time, for the purpose of detecting any illegal contraband at the direction of the probation officer. She must inform any residents that the premises may be subject to a search.

The defendant must refrain from the use and possession of alcohol and other forms of intoxicants.

The defendant will be prohibited from incurring new credit charges, opening additional lines of credit, or negotiating or consummating any financial contracts without prior approval of the probation officer.

The defendant must provide the probation officer access to any requested financial information, personal income tax returns, authorization for release of credit information, and other business financial information in which the defendant has a control or interest.

The defendant shall have no contact with the co-defendant in this case.

Defendant: **Shelly Lopez**
Case Number: **1:12CR00715-001JH**

# CRIMINAL MONETARY PENALTIES

The defendant must pay the following total criminal monetary penalties in accordance with the schedule of payments.
☐     The Court hereby remits the defendant's Special Penalty Assessment; the fee is waived and no payment is required.

| Totals: | Assessment | Fine | Restitution |
|---|---|---|---|
|  | $300.00 | $0.00 | $141,233.57 |

## SCHEDULE OF PAYMENTS

Payments shall be applied in the following order (1) assessment; (2) restitution; (3) fine principal; (4) cost of prosecution; (5) interest; (6) penalties.
Payment of the total fine and other criminal monetary penalties shall be due as follows:
The defendant will receive credit for all payments previously made toward any criminal monetary penalties imposed.
A    ☒    In full immediately; or
B    ☐    $ immediately, balance due (see special instructions regarding payment of criminal monetary penalties).

**Special instructions regarding the payment of criminal monetary penalties: Criminal monetary penalties are to be made payable by cashier's check, bank or postal money order to the U.S. District Court Clerk, 333 Lomas Blvd. NW, Albuquerque, New Mexico 87102 unless otherwise noted by the court. Payments must include defendant's name, current address, case number and type of payment.**

**Pursuant to the Mandatory Restitution Act, the total amount of restitution is $141,233.57. The defendant shall pay restitution to Wal-Mart. Payments will be submitted through United States District Court, 333 Lomas NW, Albuquerque, New Mexico, 87102. The defendant shall make nominal monthly payments not less than $50 or 10% of her gross monthly income, whichever is greater until restitution is paid in full. This amount is to be paid jointly and severally with co-defendant Donna Gabaldon.**

**Consistent with a stipulation in the Plea Agreement, the defendant forfeits her rights, title, and interest in any asset derived from or used in the commission of the offense(s) in this case. The defendant agrees to cooperate fully in helping the United States (a) to locate and identify any such assets and (b) to the extent possible, to obtain possession and/or ownership of all or part of any such assets. The defendant further agrees to cooperate fully in helping the United States locate, identify, and obtain possession and/or ownership of any other assets about which the defendant may have knowledge that were derived from or used in the commission of offenses committed by other persons. The defendant voluntarily and immediately agrees to forfeit to the United State all of the defendant?s right, title, and interest in assets and properties as outlined in the plea agreement.**

**The Defendant agrees to the imposition of a money judgment against the Defendant in the amount of $1,526.07, representing a portion of the net profit the Defendant derived from the offense. This amount being due at the time of the Defendant`s sentencing.**

Unless the court has expressly ordered otherwise in the special instructions above, if this judgment imposes a period of imprisonment, payment of criminal monetary penalties shall be due during the period of imprisonment. All criminal monetary penalty payments, except those payments made through the Bureau of Prisons' Inmate Financial Responsibility Program, are to be made as directed by the court, the probation officer, or the United States attorney.